NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FERNANDO ALFONSO CHAVEZ-GUZMAN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   20-72943

Agency No. A208-893-953

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2022[**]
Pasadena, California

Before:  M. SMITH, BADE, and VANDYKE, Circuit Judges.

Petitioner Fernando Alfonso Chavez-Guzman petitions for review of a

decision of the Board of Immigration Appeals (BIA) affirming the order of an

Immigration Judge denying his application for asylum, withholding of removal, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"We review the denial of asylum, withholding of removal[,] and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Likewise, "[w]e review factual findings, including adverse credibility determinations, for substantial evidence." *Lalayan v. Garland*, 4 F.4th 822, 826 (9th Cir. 2021) (quoting *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014)). "[T]here is no presumption that an applicant for relief is credible, and the [Immigration Judge] is authorized to base an adverse credibility determination on 'the totality of the circumstances' and 'all relevant factors.'" *Ling Huang v. Holder*, 744 F.3d 1149, 1152–53 (9th Cir. 2014) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

Substantial evidence supports the Immigration Judge's adverse credibility determination. Petitioner claims that, while he was riding his bicycle, a group of police officers and gang members chose him to transport drugs to the capital of Honduras, which was a four-hour drive from his hometown. Yet he had no way of transporting the drugs and could only speculate that he was chosen because he was "sometimes" a passenger in his coworker's vehicle. And although he was purportedly required to deliver drugs every fifteen days, the men who recruited him left "packages" of drugs outside Petitioner's home unattended for more than three months and never attempted to contact him or his relatives during that time. When

2

the Immigration Judge asked Petitioner how this could be, Petitioner was "silent for a minute" and then claimed that the men failed to deliver additional drugs because they were too busy "looking for [him]." The Immigration Judge did not error in concluding that Petitioner's story was implausible. *See Lalayan*, 4 F.4th at 836.

Petitioner's account also contained inconsistencies. He was inconsistent about when his parents moved, testifying that the men came to his parent's house and threatened his mother on June 20, 2016, but claiming later that his parents moved "[o]ne week after the packages were delivered" in March 2016. He was also inconsistent about a purported attack in January 2016, claiming in his statement that the men who attacked him were members of his prior Catholic parish, but then testifying that he did not know his attackers, and only knew they were Catholic because "[t]hey told [him]" before attacking him. When Petitioner was asked to explain these inconsistencies, he was unresponsive. And when the Immigration Judge asked whether Petitioner wrote his statement, he was likewise unresponsive before claiming that it was "wrong." *See Iman v. Barr*, 972 F.3d 1058, 1065 (9th Cir. 2020) (explaining that "the agency may base an adverse credibility determination on an applicant's unresponsiveness").

Although Petitioner submitted a few supporting documents, these documents do not corroborate the disputed aspects of his testimony. *See Yan Xia Zhu v. Mukasey*, 537 F.3d 1034, 1038 (9th Cir. 2008). Rather, they create additional

3

inconsistencies and implausibilities of their own. And in any event, the inconsistencies and implausibilities in Petitioner's testimony and the Immigration Judge's demeanor findings are alone "sufficient to conclude that substantial evidence supports the [Immigration Judge's] adverse credibility determination." *Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1094 (9th Cir. 2021) (per curiam). Without Petitioner's testimony, the remaining evidence is not sufficient to compel the conclusion that the agency erred. Substantial evidence thus supports the agency's denial of asylum. *See Duran-Rodriguez*, 918 F.3d at 1028.

To qualify for withholding of removal, Petitioner must satisfy a more stringent standard and demonstrate that it is "more likely than not" that he would be persecuted on account of a protected ground if returned to Honduras. 8 C.F.R. § 1208.16(b)(2). Because he has not established eligibility for asylum, he "necessarily fails to satisfy the more stringent standard for withholding of removal." *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

Finally, to qualify for CAT relief, Petitioner must demonstrate that it is more likely than not he would be tortured if removed to Honduras. *See* 8 C.F.R. § 1208.16(c)(2). Petitioner contends that his testimony alone is sufficient to support his CAT claim. His CAT claim is therefore based on the same evidence as his asylum and withholding claims. But Petitioner was properly found to lack credibility. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003). And

4

Petitioner's remaining evidence does not, standing alone, compel the conclusion that it is more likely than not he would be tortured if returned to Honduras. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006).

**PETITION DENIED**.[1]

---

[1] The temporary stay of removal, *see* Dkt. No. 1, remains in place until the mandate issues. The motion for a stay of removal, *see id.*, is otherwise denied.